UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **DAVID PAUL DANIEL**, <br><br> Defendant. | Case No. 1:24-cr-00200 (TNM) |

## MEMORANDUM ORDER

Defendant has two separate criminal trials scheduled to begin on the same day. He moves to continue here, even though this trial was scheduled first. Defense is responsible for this avoidable scheduling conflict and offers no compelling reason for a continuance, so the Court will deny Defendant's motion.

### I.

In May 2024, Defendant was arraigned on multiple charges involving his alleged participation in the January 6, 2021, riot. Min. Entry (5/10/2024); *see also* ECF No. 19. At a scheduling conference in July 2024, the parties agreed to set trial for January 6, 2025. Min. Entry (7/19/2024).

On October 11, 2024, Defendant moved to continue trial. ECF No. 23. As Counsel explained, Defendant was arrested in late September in the Western District of North Carolina on unrelated charges and ordered detained pending trial. *Id.* at 1. With indictment anticipated the third week of October, Counsel opined that trial would likely be scheduled for "either immediately before or after" Defendant's trial in this Court. *See id.* at 2. Defense Counsel asked to shift the date of this trial to assuage his concerns about preparing for two back-to-back trials

on unrelated charges. *See id.* The Government opposed the continuance, so the Court held a motion hearing on October 22, 2024. At the hearing, Defense Counsel reiterated his scheduling concerns about the two trials and identified possible difficulties meeting with his now-incarcerated client, but he mentioned no other availability limitations. After considering both parties' arguments, the Court denied Defendant's motion to continue and kept the original trial date of January 6. *See* Min. Entry (10/22/2024).

The next morning, Defendant was arraigned in *United States v. Daniel*, 3:24-cr-209, in the United States District Court for the Western District of North Carolina. ECF No. 27 at 1. That afternoon, Defense Counsel filed another motion to continue trial here based on a "scheduling conflict" with Defendant's new case. *Id.* It seems Defendant is now scheduled for trial in North Carolina on January 6, 2025—the same day Defense already agreed to for this case. *See id.*

Separately, Defendant filed a notice of unavailability in his Western District case on October 23. Case 3:24-cr-209, ECF No. 16. In it, Counsel told that court he would be unavailable from December 23, 2024, through January 3, 2025 "because of a planned family vacation." *Id.* He failed to mention that both he and his client would be unavailable due to this previously scheduled trial in the District of Columbia in early January.

## II.

District courts necessarily have "a great deal of latitude in scheduling trials." *Morris v. Slappy*, 461 U.S. 1, 11 (1983). Such decisions rest within the "sound discretion" of the trial court and are "not subject to review absent a clear abuse." *United States v. Burton*, 584 F.2d 485, 489–90 (D.C. Cir. 1978). Generally, courts eschew trial delays absent "compelling reasons" for a delay. *Morris*, 461 U.S. at 11. While "all the surrounding facts and

circumstances" go into this calculus, several considerations are particularly salient here—namely, "whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived" and "whether the defendant contributed to the circumstance which gives rise to the request for a continuance." *Burton*, 584 F.2d at 490–91.

Defendant's need for a continuance is a dilemma of his own making. He agreed to the trial date for this case in July 2024, well before coordinating a conflicting trial date in the Western District. Indeed, Counsel double-booked himself and asked for a continuance one day after this Court rejected his previous continuance request and reaffirmed the trial date. Defense has offered no explanation for why this previously scheduled trial should be the one to give way to more recent charges and a just-scheduled trial date. The Court will not reward such gamesmanship. *See Burton*, 584 F.2d at 491 (noting potential for "contrived" reasons for delay).

## III.

For these reasons, it is

**ORDERED** that Defendant's Motion to Continue Trial is **DENIED**. And it is

**FURTHER ORDERED** that Defense Counsel must provide a copy of this Memorandum Order to the Honorable Frank Whitney in Case 3:24-cr-00209 (WDNC) by no later than November 7, 2024.

Dated: October 30, 2024

TREVOR N. McFADDEN
United States District Judge